JUSTICE NELSON
dissenting:
I respectfully dissent.
*133 This is a difficult case. Notwithstanding, I believe that the more persuasive reasoning supports the position of Pacific Employers Insurance Company (Pacific), and for that reason I would reverse.
The opinion of the Court holds that Carol Anderson (Anderson) was “vindicating” her statutory rights by making a claim for dismissal without good cause in violation of § 20-4-207, MCA. That conclusion ignores the plain language of the statute which leads inevitably to the conclusion that, without a breach of her employment contract, Anderson would have no claim against the Trustees of Missoula County School District No. 1 (School District), nor would she have any rights, statutory or otherwise, to vindicate.
The statute provides in pertinent part that:
The trustees of any district may dismiss a teacher before the expiration of his employment contract for immorality, unfitness, incompetence, or violation of the adopted policies of such trustees, (emphasis added)
Section 20-4-207(1), MCA. The statute does not provide a right against wrongful dismissal separate and apart from the underlying contract. The statute presupposes that there is an employment contract in the first place, and it is the breach of that contract, by firing the teacher for other than good cause — immorality, unfitness, incompetence or violation of adopted policies — that gives rise to a violation of the statute. For that reason, I cannot conclude that Anderson’s claim against the School District was anything but for sums due under her contract. Simply put, she wanted the benefit of her contract. She wanted employment, and she wanted to be paid for her employment in accordance with the terms of her contract.
Here, the exclusion in the insurance policy applies to any claims made against the School District for “any amounts due, under the terms of any contractual obligation.” While Anderson argues that she filed her claim to vindicate her statutory rights, thereby avoiding the exclusionary language in the policy, the exclusion does not limit itself to excluding claims for damages only if presented under a breach of contract theory. The exclusion applies if the claimed damages are in fact “amounts due under the terms of any contractual obligation,” regardless of how the theory of liability is characterized.
Anderson’s rights to employment, compensation and fringe benefits did not arise from the statute. Those rights arose from the contract obligations assumed by the parties, the breach of which gave rise to the very damages claimed by Anderson and the very damages paid by the School District.
*134 In actuality, Anderson was not vindicating her statutory rights; she had none apart from her contract. She was, in truth, vindicating her contract rights under her teacher’s contract and the collective bargaining agreement which incorporated the statute that allowed the School District to dismiss her if she was found to be immoral, unfit, incompetent, or if she violated the trustees’ adopted policies. The only rights Anderson had were those arising out of her contract with the School District. The fact that this particular contract was subject to a special statute which required administrative appeals as opposed to court action as the means of enforcement does not change the essence of the claim itself — one arising out of the contact.
As pointed out in the Court’s opinion, § 20-4-207(5), MCA, limits the relief that is available to a wrongfully-dismissed teacher to reinstatement and compensation “at [her] contract amount for the time lost during the pending of the appeal.” The statute itself makes clear that the amounts due Anderson were amounts due under her contractual obligation with the School District. Here, Anderson received a settlement which included amounts exactly equal to the types and amounts of compensation that she should have received under her contract, with interest.
She received her salary, and she received the medical benefits she would have received under her health insurance policy with the School District. In addition, the School District contributed to the Teachers’ Retirement System, with interest, and paid the federal and state income tax and FICA which would have been deducted from Anderson’s gross salary. The settlement exactly matched what Anderson would have received under her contract, with interest. The settlement agreement and release broke out the amounts paid in precisely the manner that those amounts would have been paid had the School District not breached its agreement with Anderson and had it not wrongfully terminated her employment.
These amounts were due because of Anderson’s employment contract which the School District breached when it discharged Anderson during the term of her contract without good cause. Clearly, even if this action is characterized as one where Anderson was “vindicating her statutory rights,” the amounts the School District paid Anderson were precisely the “amounts due under the terms of [her] contractual obligation,” and are thus excluded from coverage by the terms of the policy with Pacific.
Effectively, this Court has turned a simple breach of contract action, for which there is no insurance coverage, into a tort case for *135 which there is, under the guise of the teacher “vindicating her statutory rights.” This is a breach of contract case and the amounts due and paid arose under the contractual obligation of the School District to Anderson and are, therefore, excluded from coverage under the insurance policy.
Similarly, I cannot agree with the opinion of the Court which characterizes the policy contract exclusion as “ambiguous.” The contract exclusion, while broad, is very specific — it applies to amounts due under any contractual obligation. There are no exceptions to this exclusion. There is no language in the exclusion that limits its application to only third-party contracts, to construction or other special-type contracts, to contracts under which an obligation of indemnity is assumed, or to “internal contractual obligations.” This Court reads into the exclusion limiting language, by the expedient of finding that the limitations are not there. That turns the rules of construction upside down. I do not believe that the policy contract exclusion at issue here even requires construction, much less that it be construed against Pacific on the theory that it is ambiguous. The exclusion may be broad; it is not, however, ambiguous. When the language of a contract is clear and unambiguous, as it is in this case, the contract does not require the application of the rules of construction, and it is this Court’s duly to enforce the contract as made by the parties. Keller v. Dooling (1991), 248 Mont. 535, 539, 813 P.2d 437, 440.
Finally, the potential for mischief which will be generated by the Court’s opinion is disturbing, to say the least. Under this opinion, school districts with similar insurance policies will have free rein to discharge tenured teachers under contract, knowing that their liability insurer will have to pay all attorney’s fees to defend the administrative appeals, and will then have to pay all compensation and fringe benefits ultimately awarded if it turns out that the termination was not for good cause. This is a win-win, no-risk situation for the school district; there is simply no incentive not to roll the dice and fire teachers where good cause might be questionable or, perhaps, lacking altogether.
The School District can breach an employment contract by firing the teacher without regard to whether there is good cause or not. If the teacher loses the administrative appeal, then the teacher is gone and the school district does not have to pay salary and benefits from and after termination. If the teacher wins the administrative appeal, then the teacher is gone or reinstated and the school district does not *136 have to pay salary and benefits from and after termination or, at least from and after termination through the point of reinstatement.
If, as the Court points out, citing United Pacific Insurance Co. v. First Interstate Bancsystems of Montana, Inc. (D. Mont. 1987), 664 F. Supp. 1390, 1394, “the purpose of liability insurance is to protect against risk,” I am hard pressed to discover where, under the facts of this case, the School District assumed or incurred any risk at all. It paid in settlement exactly what it would have paid (interest excluded) had it not breached Anderson’s employment agreement and had it, instead, continued her employment. Pacific is now required to indemnify the School District for the costs, attorney’s fees and damages associated with the improper termination. And, the School District got rid of an unwanted teacher. There is no risk in that for the School District!
Worse, that scenario certainly does not provide any incentive to a school board of trustees and to a school administration to insure that there is good cause before terminating a teacher’s employment. In fact, quite the opposite is true. I cannot believe that it was realistically in the contemplation of either the insured or insurer that the referenced policy exclusion would be interpreted to allow such an absurd result. I do suspect, however, that there may be a few teachers in shaky relationships with their boards and administrations who should now begin looking over their shoulders.
For the foregoing reasons, I would reverse the District Court and hold that the contract exclusion bars the School District’s claim.
JUSTICE GRAY concurs in the foregoing dissent.